STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHARLES OLIVER, PLAINTIFF IN ERROR.

Decided February 18, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Augustus S. Dreier.*

For the defendant in error, *Abe J. David* (*Walter C. Tenny,* of counsel).

PER CURIAM.

The plaintiff in error was convicted in the Union County General Quarter Sessions Court on an indictment charging him with manslaughter. The crime grew out of the reckless driving of an automobile by the plaintiff in error on a public highway, causing the death of one Edwin Fitzpatrick.

The case is before us on strict writ of error and bills of exceptions and under the one hundred and thirty-sixth section of the Criminal Procedure act.

There are eleven assignments of errors and the same number of reasons for reversal.

Counsel of plaintiff in error, in his brief, says: "All these reasons are relied upon but for the purpose of argument they may be conveniently grouped under two heads: (1) State did not have a case on which a verdict of guilty could be legally predicated. (2) Errors of the court."

Under the caption "state did not have a case," it is argued on behalf of the plaintiff in error that there was no proof of criminal negligence to be submitted to the jury.

After the state rested, counsel of plaintiff in error asked for a direction of a verdict upon the ground that the proof on part of the state did not tend to establish that the death of the decedent was caused by the plaintiff in error as a result of his resckless disregard of human life, in the operation of the automobile, which request for the direction of a verdict was refused by the trial judge and an exception was taken to such refusal.

No testimony was offered on behalf of the plaintiff in error, and the case was submitted to the jury on the testimony adduced by the state.

We think, after a careful examination of the testimony, that there was proof tending to establish that the plaintiff in error was operating his automobile along the public road under such physical conditions and circumstances, and in such a manner, from which a jury might reasonably draw the inference that he was driving his automobile with a reckless disregard of human life.

The record discloses that the plaintiff in error has only one arm. It further appeared from the testimony of two physicians that he was intoxicated. There was also testimony that he was driving his automobile along the public road at a speed of more than twenty-five miles an hour, that it was dark and that his automobile crashed headlong into decedent's motorcycle, and with such force as to throw the decedent high up into the air, inflicting fatal injuries of which the deceased died within twenty-four hours.

We think, therefore, that the trial judge was fully war-

ranted in refusing to take the case from the consideration of the jury. *State* v. *Fairbrothers,* 99 *N. J. L.* 295.

We cannot help observing here, that a man with one arm, in a state of intoxication, propelling an automobile along a public and frequented road at a speed of more than twenty-five miles an hour, is, manifestly, a menace to life and limb.

As has been previously mentioned there are eleven assignments of errors and the same number of reasons for reversal. We look in vain, however, under caption two of the brief of plaintiff in error, entitled: "Errors of the Court," for any assignment or specification of cause for reversal that points out intelligently the specific error in the charge of the trial judge or in the admission or rejection of testimony.

We have examined the assignments of errors and specification of causes for reversal, however, and find no substance in them.

The judgment is affirmed.